IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                                                                          OPINION and ORDER

BRITTANY GUIDER, SANDRA MCARDLE,
MICHAEL KEMERLING, ALEXANDRIA LEIBERT,                      19-cv-159-jdp
and HEATHER SCHWENN,

                Defendants.

---

Pro se plaintiff Demetrius Cooper contends that prison officials at the Wisconsin Secure Program Facility (WSPF) denied him adequate medical care and humane conditions of confinement in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment. I denied summary judgment on most of Cooper's claims, so the case will proceed to trial. Dkt. 153. The trial and the final pretrial conference have been postponed and will be rescheduled. But to ensure that the parties are prepared for trial once a new trial date is set, I issued a pretrial preparation order on November 25, 2020. Dkt. 166.

Cooper has filed several motions in response: (1) a motion for sanctions against all defendants, Dkt. 167; (2) a motion for sanctions against defendant Sandra McArdle, Dkt. 186; (3) a motion for reconsideration, Dkt. 169; and (4) a motion for clarification of several components of the court's summary judgment and trial preparation orders, Dkt. 168. I will deny Cooper's motions for sanctions. I will grant Cooper's motion for reconsideration in part and deny it in part. And I will respond below to the issues Cooper raises in his motion to clarify.

**A. Motion for sanctions against all defendants**

Cooper moves for monetary sanctions of $2,500 against defendants under Fed. R. Civ. P. 30(d)(2), which states that the "court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Cooper says that defendants obtained a last-minute extension of the discovery deadline to take his deposition by falsely blaming the COVID-19 pandemic. Dkt. 167. He contends that deposing him now would expose him to an undue health risk. *Id.*

The original discovery deadline in this case was November 20, 2020. The court denied summary judgment on November 12, 2020. Dkt. 153. On November 17, 2020, defendants moved to extend the discovery deadline to depose Cooper. Dkt. 154. Defendants said that they did not take Cooper's deposition earlier because they were awaiting the outcome of the parties' dispositive motions, which might have eliminated the need to depose Cooper. Defendants requested to extend discovery to December 18, 2020 to accommodate the challenges of coordinating a deposition with prison staff due to the COVID-19 restrictions in place at WSPF. The court granted the motion. Nothing about defendants' request was unfair or dishonest. Cooper's motion for sanctions is denied.

**B. Motion for sanctions against defendant McArdle**

Cooper has moved for sanctions against defendant McArdle for failing to submit an exhibit list and copies of her exhibits by the court's deadline of December 4, 2020. Dkt. 186. Cooper is mistaken about McArdle's witness list, which was filed on December 4, 2020. Dkt. 183. The court will set a new deadline of January 15, 2021 for defendants to submit copies of their exhibits. Cooper's motion for sanctions is denied.

### C. Motion for reconsideration

Cooper has filed a motion for reconsideration of three of the court's decisions: (1) the denial of Cooper's motion for assistance with recruiting counsel, Dkt. 166 and Dkt. 186; (2) the denial of Cooper's motion for sanctions, Dkt. 153; and (3) the grant of summary judgment on Cooper's state-law medical malpractice claim against McArdle, Dkt. 153. Dkt. 169. I will deny Cooper's motion on the first two issues. But I will grant Cooper's motion on the third issue and allow him to proceed to trial on his medical malpractice claim against McArdle.

#### 1. Motion for assistance with recruiting counsel

The court denied Cooper's motion for assistance with recruiting counsel. Dkt. 160. Cooper moved for reconsideration of that decision, Dkt. 169, and he submitted a renewed request for appointment of counsel one week later. Dkt. 186. I address both of Cooper's filings here.

Cooper's reconsideration motion raises two new reasons why he cannot litigate his case without representation. First, Cooper says that suffers from fibromyalgia. He has submitted health records that provide information about fibromyalgia symptoms. Dkt. 169, Ex. 3–6. I am not persuaded that Cooper's symptoms prevent him from litigating his case because he does not say that he is debilitated in any way, or explain why his symptoms make him unable to attend or represent himself at his trial.

Second, Cooper contends that the court is mistaken that he is a skilled and experienced pro se litigant. Cooper submits a declaration from his jailhouse lawyer, Omar Simmons, who says that he he has filed all of Cooper's documents and that Cooper has no understanding of the litigation process. Dkt. 170. Even if Cooper is not knowledgeable about litigation himself, Cooper's situation is not unique among other pro se litigants. The court guides pro se litigants

3

through the trial process. Specifically, Cooper should rely on the court's preliminary pretrial packet, Dkt. 48, and trial preparation order, Dkt. 166, to prepare for his trial. Once a new trial date has been set, the court will hold a pretrial conference. At that time, I will answer any questions that Cooper may have about trial preparation or about what he should expect at his trial.

Cooper's supplemental request for appointment of counsel states that Cooper had hernia surgery and may be bedridden for six weeks. Dkt. 186. He says that he is awaiting test results that will determine a medical diagnosis and future course of treatment. He anticipates having a large number of medical examinations and appointments in the near future. Cooper's trial and pretrial conference have been postponed and it is not yet clear when it will be safe enough for the court to reschedule them. If Cooper is still having medical issues when it is time to set a new trial date, I will take his health into account.

2. **Motion for sanctions**

I denied Cooper's motion for Rule 11 sanctions against defendant Heather Schwenn. Dkt. 153. In his motion for sanctions, Cooper alleged that Schwenn knowingly lied in her declaration. The court denied sanctions on the basis that Cooper failed to comply with the procedures of Rule 11(c)(2), which required him to notify Schwenn of his intent to seek sanctions so that she might correct or withdraw the filing at issue. Fed. R. Civ. P. 11(c)(2); Dkt. 148. In his motion for reconsideration, Cooper argues that he did comply with the rule because he mailed letters to all defendants saying that he intended to seek sanctions if they did not remove the false assertions in their declarations. Dkt. 146. Cooper did not include a copy of the letter, so it the court cannot determine whether it notified Schwenn of the parts of her declaration that Cooper was challenging.

4

But even if Cooper complied with the procedural requirements of Rule 11, I also denied Cooper's motion for sanctions on the merits. As I explained in my decision, the motion consisted of a list of disputes over the truth of statements that Schwenn made in her declaration. Generally, disputes of fact are to be decided by the jury. They are not resolved in a motion for sanctions. Cooper's motion did not show that Schwenn's statements in her declaration were knowingly false. As my decision notes, she supported her declaration with corroborating evidence. Dkt. 153 and Dkt. 114, Ex. 1–4.

### 3. State-law negligence claim

I granted defendants' motion for summary judgment on Cooper's state-law medical malpractice claim against defendant McArdle. Dkt. 153. Under Wisconsin law, expert testimony is required to establish medical negligence, except in cases where a layperson could conclude from common experience that the plaintiff's injury could not have occurred if the medical provider had exercised proper care and skill. *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004). Cooper's case does not meet this exception and Cooper did not disclose an expert witness.

In his motion for reconsideration, Cooper argues that under *Gil*, he may rely on defendant Michael Kemerling as an expert witness at his trial. In *Gil*, the Court of Appeals for the Seventh Circuit held that a pro se prisoner plaintiff could rely on the expert testimony of his treating physician, who was also a defendant, to establish the standard of care in his medical malpractice claim. *Id.* at 660. But in *Gil*, the plaintiff named his treating physicians as experts witnesses at summary judgment. *Id.* At summary judgment, the district court told the plaintiff that he could not use his treating physicians for expert testimony and would need to find a different expert. *See id.*; *Gil v. Reed*, No. 00-C-0724-C, 2002 WL 32345694, at *5 (W.D. Wis.

5

Jan. 28, 2002), *vacated*, 381 F.3d 649 (7th Cir. 2004). The court of appeals disagreed. *Gil*, 381 F.3d at 660.

Unlike in *Gil*, Cooper did not indicate that he had any intention to name defendant Kemerling as an expert until now, after summary judgment has been decided. But I will give Cooper some leeway because he is a pro se litigant, and I see little prejudice to defendant McArdle, who will be going to trial on Cooper's Eight Amendment claim. I will allow Cooper to proceed to trial on a medical negligence claim against McArdle, on the basis that Kemerling can provide testimony about the standard of care applicable to the decision to discontinue Cooper's meloxicam.

**D. Motion for clarification**

Cooper seeks clarification of three issues addressed in the court's summary judgment decision and trial preparation order. Dkt. 168.

First, Cooper wants to clarify the scope of his First Amendment retaliation claim against defendant Schwenn arising from his November 2018 placement in observation status. Specifically, he wants to know whether he may base this claim on Schwenn's denial of a pillow and a banket, or just a pillow. Cooper may base this claim on Schwenn's denial of both a pillow and blanket. He is not limited to arguing that Schwenn retaliated against him by denying him a pillow only.

Second, Cooper seeks clarification on the procedure for calling unincarcerated, involuntary witness Jason Kaufman to testify at his trial. Cooper says he has identified a person to serve Kaufman with a subpoena and does not need the assistance of the U.S. Marshals. Cooper may have someone besides the Marshals serve his subpoena on Kaufman. If Cooper

uses the Marshals to serve Kaufman, however, Cooper must provide a check (made out the U.S. Marshals) for their service fee, which is $65 plus a mileage cost of $0.575 per mile.

Third, Cooper seeks information about the witness fee for calling unincarcerated, involuntary witness Kaufman to testify at his trial. Cooper must provide the person who is serving Kaufman with the subpoena and a check made out to Kaufman. If Kaufman is appearing by video, the check should be in the amount of the $40 per day witness fee, plus the mileage cost of $0.575 per mile to the video location, if applicable. If Kaufman is appearing in person, the check should be in the amount of $40 per day, plus mileage to the court. If meals are needed, Cooper must add $61 per day. If lodging is needed, Cooper must add $131 per day.

## ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius Cooper's motions for sanctions, Dkt. 167 and Dkt. 186, are DENIED.

2. Plaintiff's motion for reconsideration, Dkt. 169, is GRANTED in part and DENIED in part. His supplemental request for counsel, Dkt. 186, is DENIED.

3. Plaintiff's motion for clarification, Dkt. 168, is GRANTED.

4. Defendants must submit copies of their trial exhibits by January 15, 2021.

Entered December 23, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge