IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                            OPINION and ORDER

BRITTANY GUIDER, SANDRA MCARDLE,        19-cv-159-jdp
MICHAEL KEMERLING, ALEXANDRIA LEIBERT,
AND HEATHER SCHWENN,

                Defendants.

---

Plaintiff Demetrius Cooper is proceeding to trial on claims that prison officials at Wisconsin Secure Program Facility (WSPF) denied him adequate medical care, subjected him to inhumane conditions of confinement, and retaliated against him in violation of his constitutional rights and state law.

Four filings are before the court.

**A. Cooper's letter about McArdle's attorney**

Cooper has filed a letter criticizing the conduct of defendant Sandra McArdle's attorney, Thomas Kallies. Dkt. 200. Cooper says that Kallies's filings and behavior have been demeaning and disrespectful. Dkt. 200. I remind the parties that the standards of conduct in this court require them to treat "counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications." Standards for Professional Conduct within the Seventh Federal Judicial Circuit. I see no basis for further relief.

### B. Cooper's motion to add McArdle as defendant

Cooper moves to add McArdle as a defendant to his Eighth Amendment claim that Kemerling and Leibert provided him with ibuprofen in violation of his "no-keep-on-person" medication restriction. Dkt. 204. He contends that McArdle was aware of Cooper's restriction and approved his ibuprofen prescription. The court screened Cooper's complaint on July 15, 2019, Dkt. 14, and decided summary judgment on November 12, 2020, Dkt. 153. Cooper's motion raises new allegations based on evidence that he submitted to the court months ago, on April 28, 2020. *See* Dkt. 91. It is too late for him to add McArdle as a defendant on this claim. Requiring her to litigate a new claim after summary judgment has been decided is unfairly prejudicial. And Cooper shows no good reason why he has waited until now to attempt to add her to this claim. The motion will be denied.

### C. McArdle's motion for reconsideration

McArdle moves for reconsideration of my decision to allow Cooper to proceed on a state-law medical malpractice claim against her. Dkt. 203. Cooper contends that McArdle negligently discontinued his prescription for the anti-inflammatory drug, Meloxicam.

I initially granted summary judgment in favor of McArdle on Cooper's claim. Dkt. 153. Wisconsin law generally requires expert testimony to prove medical negligence, and Cooper did not disclose an expert witness. Cooper moved for reconsideration of that decision on the basis that he is entitled to use defendant Kemerling as an expert witness. Because *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) permits a pro se prisoner to rely on a defendant to provide expert testimony in a medical malpractice case, I granted Cooper's motion. Dkt. 199.

McArdle argues that Kemerling is not qualified to be an expert on the standard of care that is applicable to McArdle's decision to discontinue Cooper's Meloxicam. As the argument

2

goes, McArdle is a nurse practitioner with full authority to prescribe medications; Kemerling is a registered nurse without authority to prescribe medications except for over-the-counter drugs.

Even though Kemerling is not authorized to prescribe medication, as a registered nurse he has some knowledge of prescription practices and he may be able to provide testimony on the standard of care applicable to Cooper's claim. McArdle makes a fair point, but it goes to the weight of Kemerling's testimony. With Kemerling, Cooper has some evidence on the standard of care, so summary judgment is not warranted. McArdle's motion for reconsideration is denied.

**D. Cooper's motion for a court-appointed expert**

Cooper asks the court to appoint a medical expert and apportion the costs to McArdle under Federal Rule of Evidence 706. Dkt. 211. He does so in the event that he is not permitted to proceed on his state-law medical malpractice claim against McArdle or to use Kemerling as an expert witness. The purpose of a court-appointed expert is not to bolster a party's case for which he would not otherwise have evidence. Besides, I will allow Cooper to proceed on his medical malpractice claim relying on Kemerling for expert testimony. I will deny the motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius Cooper's motion to add a defendant, Dkt. 204, is DENIED.

2. Defendant Sandra McArdle's motion for reconsideration, Dkt. 203, is DENIED.

3. Cooper's motion for a court-appointed expert, Dkt. 211, is DENIED.

Entered January 8, 2021.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge